## Massachusetts Bonding & Insurance Co. v. Smyser-Royer Co.

*John A. Hoober* and *Swartz, Campbell & Henry*, for plaintiff.

*Robert C. Fluhrer*, for defendant.

ANDERSON, J., February 1, 1945.—Exceptions were filed by the defendant in this proceeding to the chancellor's findings of fact, conclusions of law and the decree nisi. Argument on the exceptions was heard by the court sitting en banc.

The exceptions particularly urged by the defendant are to the chancellor's thirteenth finding of fact and third conclusion of law, as follows:

"13. The obligation of the surety (plaintiff) has become absolute."

"(3) Defendant is legally obligated to pay to the United States (Navy Department) $5,055.49, with interest thereon from the date of the breach of the contract, to wit, October 20, 1941, to exonerate the plaintiff from any and all payments to or claims of the Navy Department." This finding and conclusion may merit some additional discussion. Both were based on article 5 of the contract signed by the parties, which is in evidence, as follows:

"Delays—Damages.—If the contractor refuses or fails to make deliveries of the materials or supplies within the time specified in Article 1, or any extension

thereof, the government may by written notice terminate the right of the contractor to proceed with deliveries or such part or parts thereof as to which there has been delay. In such event, the government may purchase similar materials or supplies in the open market or secure the manufacture and delivery of the materials and supplies by contract or otherwise, and the contractor and his sureties shall be liable to the government for any excess cost occasioned the government thereby; provided, that the contractor shall not be charged with any excess cost occasioned the government by the purchase of materials or supplies in the open market or under other contracts when the delay of the contractor in making deliveries is due to unforseeable causes beyond the control and without the fault or negligence of the contractor, including, but not restricted to, acts of God or of the public enemy, acts of the government, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes, unusually severe weather, and delays of a sub-contractor due to such causes unless the contracting officer shall determine that the materials or supplies to be furnished under the sub-contract are procurable in the open market, if the contractor shall notify the contracting officer in writing of the cause of any such delay, within 10 days from the beginning thereof, or within such further period as the contracting officer shall, with the approval of the head of the department or his duly authorized representative, prior to the date of the final settlement of the contract, grant for the giving of such notice. The contracting officer shall then ascertain the facts and extent of delay, and his findings of fact thereon shall be final and conclusive on the parties hereto, subject only to appeal within 30 days by the contractor to the head of the department concerned or his duly authorized representative, whose decision on such appeal as to

the facts of delay shall be final and conclusive on the parties hereto."

The testimony shows that the provisions of this paragraph were completely complied with by the Government and the resultant damages due pursuant thereto. It is therefore quite evident that the evidence adequately sustains the finding and conclusion particularly in question.

The court is not convinced that the exceptions should be sustained and they will accordingly be dismissed. However, there is one phase of the decree nisi which the court feels should be modified in view of the circumstances of the case as disclosed at the argument and particularly since this is an equitable proceeding. At the argument, December 4, 1944, it was asserted by defendant's counsel that as late as November 20, 1944, a conference had been held between defendant's counsel and representatives of the Government in an effort to make some adjustment and disposition of this case by the parties themselves and that such negotiations had been in progress for a considerable time, but he further stated that if the decree is enforced and defendant compelled to pay the total amount involved directly to the navy, all further negotiations between them would, of course, be terminated.

There is authority in cases of this nature (exoneration) to order the money paid into court and we feel in this case that such an order will protect everyone involved and also give the defendant a further opportunity to complete the negotiations for settlement with the Government and the decree nisi will therefore be so amended: A. L. I. Restatement of the Law of Security, sec. 112-b; Story, Equity Jurisprudence, par. 1011.

And now, to wit, February 1, 1945, the exceptions filed to the findings of fact and conclusions of law on behalf of the defendant October 14, 1944, are dismissed

and the opinion filed with the decree nisi is now adopted by the court.

And the decree nisi as filed October 4, 1944, is modified as follows and directed to be entered as the final decree.

1. That the defendant, Smyser-Royer Company, pay into the Court of Common Pleas of York County, Pa., the sum of $5,055.49, with interest from October 20, 1941, to exonerate the plaintiff, Massachusetts Bonding and Insurance Company from making payment to the treasurer of the United States on behalf of the defendant. This fund to be held by the court pending the disposition of negotiations between the principals within a reasonable time.

2. That the defendant, Smyser-Royer Company, pay to the plaintiff, Massachusetts Bonding and Insurance Company, the sum of $350 as attorney's fees.

3. That the defendant pay the costs of this proceeding.

Exception is granted to the action of the court in this regard.